*Brinkerhoff, J.
The defendant in error, Margaret, while sole, brought her action against the street railroad company in the Superior Court of Cincinnati, and having married pending-the suit, her husband was made a co-plaintiff with her. Her cause of action is stated in her petition thus:
*259 “Plaintiff avers that the said defendant, on the 26th day of November, A. D. 1865, was the owner of a certain street railroad line,, with its cars running thereon, which said cars are drawn by horses,, from the corner of Fourth and Walnut streets to a point in the-eastern portion of the city of Cincinnati, Hamilton county, and State of Ohio.
“Plaintiff further avers, that on Sunday, the 26th day of November, 1865, she was walking upon the sidewalk on Pearl street, between Lawrence and Ludlow streets, in said city; the same being' a public highway, open and free to all persons to pass and repassat all times, and at their will.
“ Plaintiff avers that an excavation and ditch had been made and-dug across said Pearl street at or near Ludlow street aforesaid, and over which the track of said street railroad ran ; that it was hazardous and dangerous to the defendant’s horses and cars to pass over said excavation and ditch; and that for the better safety of said cars, and to prevent injury to their said horses, and in the prosecution of their said business, the said defendant, through its' agents- and servants caused the horses attached to a certain car, No. 4, on said road, to be unhitched therefrom, and attempted to drive said horses around said excavation or ditch; that in so unhitching said horses from said car, and taking, or attempting to take, them around said excavation or ditch, or across the same, the same defendant, its-servants and agents, so negligently and carelessly conducted and managed said business and horses, that the said horses ran off and away from the servant of said defendant then driving the same, and ran against the said plaintiff while.she was walking as aforesaid on-said Pearl street, knocking her down, causing a fracture of throe of her ribs and serious internal injuries, and badly cutting and bruising her loins and body, and otherwise injuring her; whereby she became sick, sore, and lame, and unable to attend to her necessary affairs and business,”'etc.
*To this the company filed an answer as follows:
“ The defendant admits that on the 26th day of November, in the year eighteen hundred and sixty-five, it was the proprietor of street railroad routes numbers five and seven, in the city of Cincinnati, under and in virtue of a general ordinance of the council of said city, passed on the first day of July, in the year eighteen hundred and fifty-nine, with several subsequent amendments, and also in virtue of an act of the legislature of Ohio, entitled an act to provide *260 for and regulate street railroad companies, passed on the tenth day of April, in the year eighteen hundred and sixty-one; to which ordinance and statute, as matters of public record, the defendant hereby makes reference.
“ The defendant admits, likewise, that said route number five extends from Lawrence to Ludlow street, with double track, on East Pearl street, in the city aforesaid; as also, that on the twenty-sixth day of November, in the year eighteen hundred and sixty-five, the ■ defendant was using said track for the transportation of persons by means of cars drawn by horses, as lawfully it might.
“The defendant admits, furthermore, that on said twenty-sixth -day of November, in the year last aforesaid, an excavation of considerable depth and width had been made under said double track, in East Pearl street, between Lawrence and Ludlow streets, so as to prevent the horses attached to any car from directly crossing the same. But the defendant alleges that said excavation was not made by it or any of its agents or servants, nor for its advantage, but was made by the trustees of the water-works of the city of Cincinnati, for the purpose of relaying or repairing the water-pipes underneath the surface of Bast Pearl street.
“ The defendant admits that it was necessary, in order to the use -of its railway track at the place aforesaid, to detach the horses from each car, and, while pushing the car by hand ujmn the track across ■said excavation, to drive the horses along those parts of East Pearl street, between the curb-stones, to which the excavation did not extend; which course was pursued, accordingly, with defendant’s car 260] number four, *and the horses thereto belonging, on the day .and year last mentioned.
“But this defendant denies that, either in detaching, driving, or .attempting to re-attacb the horses as aforesaid, or in pushing said car upon the track across the excavation, or in any other particular, was it (the defendant), or any of its agents'or servants, guilty of any •carelessness, negligence, or default whatsoever. On the contrary, the defendant alleges that all said business was conducted and managed by its agents and servants with the utmost possible degree of care, skillfulness, prudence, and attention; and that the running .away of said horses when about to be re-attached to the car, was a mere sudden and unavoidable accident.
“ And this defendant denies that the plaintiff, at the time of the supposed injury to her by said horses, was the sidewalk of *261 East Pearl street. It avers, on the contrary, that said plaintiff, instead (of remaining upon the sidewalk, where she would have been safe, or of fleeing toward the houses or wall adjacent, unnecessarily and incautiously ran into the street and in front of said horses, while they wore attempting to run away, and was thereby somewhat but not seriously injured.
“■Whereupon the defendant prays,” etc.
On this state of pleadings the case was tried to a jury; and evidence having been given by the parties tending to sustain their-claims, respectively, as to matters of fact, the court, among other-things, charged the jury, that—
“If the the servants of the defendant, by the use of means then-well known and within their power to employ, could in a safer way' than that used have managed the horses attached to the car, and-thereby prevented the accident, it was their duty to employ such means; and the neglect to do so may well authorize the jury to-infer fault on their part; which will not be excused if the plaintiff,from fear or the sudden impulse of the moment, did not pursue the safest course to save herself from injury.”
Exceptions having been taken to this charge, and to other rulings of the court on the trial, and the jury having returned *a vc[261diet for the plaintiff below, and judgment being entered thereon,, the defendant below took the case on error to the Superior Court at general term, whore the judgment at special term was affirmed.
A petition in error is now prosecuted in this court, alleging for-error that the court, at sj>eoial term, among other rulings, erred in charging the jury as above set forth, and that the court at general term erred in affirming the judgment at special term.
As I do not propose to review all the questions raised on the -. record and discussed by counsel in the argument of the case, I have-limited the above statement to such of its features as seemed to be ■ necessary to present the single question on which we now and here determine it; and that question is, did the court at special term err - in charging the jury that, “ if the servants of the defendant, by the use of means then well known, and within their power to employ, could, in a safer way than that used, have managed the horses attached to the car, and thereby prevented the accident, it was their duty to employ such means; and the neglect to do so-may well authorize the jury to infer fault on their part?” We think it did. The charge thus given seems to imply an obligation- *262 on the company to exercise the highest degree of care, and to employ the very best possible well-known means and appliances, in respect to their teams and cars, to insure the safety of the general public. If it had been a passenger on one of their cars that was injured, the charge would have - been well enough; but as to the case of an individual of the general public, toward whom the company occupied no relation arising out of contract, express or implied, the rule is different, and is thus laid down in Cleveland, Columbus and Cincinnati Railroad Company v. Terry, 8 Ohio St. 570 : “ The degree of care required in such cases of the employes” of the company, “and also of the party injured, is merely ordinary care and prudence, the perils to be encountered, and all other circumstances under which the injury was inflicted and received, being considered.”
It is possible that the court below, at special term, did not intend '262] to be understood by the jury in accordance with our interpretation of its words; but if it did not, it was certainly unfortunate in its choice of the language it employed, and the jury was liable to be misled by it.
Judgments of the court below, both at general and special term, reversed, new trial awarded, and cause remanded to the Superior •Court at special term.
Day, C. J., and Scott, Welch, and White, JJ., concurred.